## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

VANGIE THOMAS,
and MYANAUH LOWE,
individually and on behalf of
all others similarly situated,

      **Plaintiffs,**

    v.

                           **CASE NO. 22-cv-26**

ARTS PERFORMING CENTER, LLC
d/b/a SILK ON WATER
a/k/a SILK EXOTIC ON WATER,

DOWNTOWN JUNEAU INVESTMENTS, LLC

PPH PROPERTIES I LLC
d/b/a SILK EXOTIC DOWNTOWN,

JOSEPH F. MODL,

SUNSHINE STATE CONSULTING LLC,

SCOTT A. KRAHN,

RADOMIR BUZDUM,

KYLE J. ZUBKE,

CAMELOT BANQUET ROOMS INC.,
d/b/a SILK EXOTIC MILWAUKEE,
a/k/a SILK/ROCK COUNTRY,

JOSCOJO, INC.,

MIDRAD LLC
d/b/a SILK EXOTIC MADISON,

    **and**

MIDRAD II LLC,

**Defendants.**

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1.     This is a collective and class action brought by Plaintiffs Vangie
Thomas and Myanauh Lowe, individually and on behalf of the members of the
proposed classes identified below. Plaintiff Thomas and Lowe and the putative class
members are, or were, employed as exotic dancers by Defendants Arts Performing
Center, LLC d/b/a Silk on Water a/k/a Silk Exotic on Water; Downtown Juneau
Investments, LLC, PPH Properties I LLC d/b/a Silk Exotic Downtown; Joseph F.
Modl; Sunshine State Consulting LLC; Scott A. Krahn; Radomir Buzdum; Kyle J.
Zubke; Camelot Banquet Rooms Inc. d/b/a Silk Exotic Milwaukee a/k/a Silk/Rock
Country; Joscojo, Inc.; Midrad LLC d/b/a Silk Exotic Madison; and Midrad II LLC
(collectively "Silk Exotic" hereinafter) at times since January 10, 2019. Within the
applicable statutory period from the filing of this complaint, Silk Exotic has had
uniform policies and practices of failing to pay Plaintiff Thomas, Plaintiff Lowe, and
the putative classes for minimum wages for all hours worked and overtime
premium compensation for all hours worked in excess of forty in a workweek in
violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and
Wisconsin law.

2.      As a result, Silk Exotic has denied Plaintiff Thomas, Plaintiff Lowe, and the putative classes members of minimum wages and overtime compensation in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as Wisconsin law.

3.      Plaintiffs Thomas and Lowe bring this action, individually and on behalf of other similarly situated current and former Silk Exotic exotic dancers, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid minimum wages, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

4.      Plaintiffs Thomas and Lowe also bring this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid minimum wages, unpaid overtime compensation, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

6.      The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin Milwaukee Division because a substantial part of the events or omissions giving rise to the claims occurred within the district and Defendants have and have had substantial and systematic contacts in this district within the relevant statutory periods.

## PARTIES

8.     Defendant Arts Performing Center, LLC d/b/a Silk on Water a/k/a Silk Exotic on Water ("Silk on Water") is a Wisconsin Limited Liability Company with a principal business office located in Waunakee, Wisconsin. Silk on Water's registered agent for service of process in the State of Wisconsin is Kyle Zubke located in Waunakee, Wisconsin.

9.     Silk on Water is the legal entity operating the gentlemen's club known as Silk on Water that provides exotic dances for its patrons and is located at 144 E. Juneau Avenue in Milwaukee, Wisconsin.

10.     Defendant Downtown Juneau Investments LLC ("Juneau") is a Wisconsin Limited Liability Company with a principal business office located at 730 N. Old World Third Street in Milwaukee, Wisconsin. Juneau's registered agent for service of process in the State of Wisconsin is Kyle Zubke located in Waunakee, Wisconsin. Juneau owns and operates Silk on Water.

11.     Defendant PPH Properties I LLC d/b/a Silk Exotic Downtown ("Silk Exotic Downtown") is a Wisconsin Limited Liability Company with a principal business office located at 730 N. Old World Third Street in Milwaukee, Wisconsin.

Silk Exotic Downtown's registered agent for service of process in the State of Wisconsin is Kyle Zubke located in Waunakee, Wisconsin.

12. Silk Exotic Downtown is the legal entity operating as Silk Exotic Downtown, a gentlemen's club providing exotic dances for its patrons located at 730 N. Old World Third Street in Milwaukee, Wisconsin.

13. Defendant Joseph F. Modl ("Mr. Modl") is an adult resident of the State of Wisconsin residing in Hartland, Wisconsin. Mr. Modl is an owner of Silk Exotic Downtown and, on information and belief, Silk Exotic and has input into and control over the employment and payroll practices of Silk Exotic.

14. Defendant Sunshine State Consulting LLC ("Sunshine") is a Wisconsin Limited Liability Company. Sunshine's registered agent for service of process in the State of Wisconsin is Radomir Buzdum located in Watertown, Wisconsin. Sunshine is an owner of Silk Exotic Downtown and, on information and belief, has input into and control over the employment and payroll practices of Silk Exotic.

15. Defendant Scott A. Krahn ("Mr. Krahn") is an adult resident of the State of Wisconsin residing in Hartland, Wisconsin. Mr. Krahn is an owner of Silk Exotic Downtown and, on information and belief, Silk Exotic and has input into and control over the employment and payroll practices of Silk Exotic.

16. Defendant Radomir Buzdum ("Mr. Buzdum") is an adult resident of the State of Wisconsin residing in Watertown, Wisconsin. On information and belief, Mr. Buzdum is an owner of Silk Exotic and/or has input into and control over the employment and payroll practices of Silk Exotic.

17.     Defendant Kyle J. Zubke ("Mr. Zubke") is an adult resident of the State of Wisconsin residing in Waunakee, Wisconsin. On information and belief Mr. Zubke is manager at Silk Exotic and has input into and control over the employment and payroll practices of Silk Exotic.

18.     Defendant Camelot Banquet Rooms, Inc. d/b/a Silk Exotic Milwaukee a/k/a Silk/Rock Country ("Silk Exotic Milwaukee") is a Wisconsin Corporation with a principal business office located at 11400 W. Silver Spring Road located in Milwaukee, Wisconsin. Silk Exotic Milwaukee's registered agent for service of process in the State of Wisconsin is Joseph M. Modl located in Milwaukee, Wisconsin.

19.     Silk Exotic Milwaukee is the legal entity operating the gentlemen's club known as Silk Exotic Milwaukee that provides exotic dances to its patrons and is located at 11400 W. Silver Spring Road in Milwaukee, Wisconsin.

20.     Defendant Joscojo, Inc. ("Joscojo") is a Wisconsin Corporation with a principal business office located at 11400 W. Silver Spring Road in Milwaukee, Wisconsin.  Joscojo's registered agent for service of process in the State of Wisconsin is Joseph Modl located in Hartland, Wisconsin.

21.     Joscojo owns and operates Silk Exotic Milwaukee.

22.     Defendant Midrad LLC d/b/a Silk Exotic Madison ("Silk Exotic Madison") is a Wisconsin Limited Liability Company with a principal business office located at 7320 US Highway 14 in Middleton, Wisconsin.  Silk Exotic Madison's

registered agent for service of process in the State of Wisconsin is Kyle Zubke located in Middleton, Wisconsin.

23.     Defendant Midrad II LLC ("Midrad II") is a Wisconsin Limited Liability Company with a principal business office located at 11400 W. Silver Spring Road in Milwaukee, Wisconsin. Midrad II's registered agent for service of process in the State of Wisconsin is Joseph F. Modl located in Milwaukee, Wisconsin.

24.     Defendants will be collectively referred to hereinafter as "Silk Exotic" and/or "Defendants."

25.     On information and belief, Defendants have asserted joint control over the pay and employment practices, including compensation practices, applicable to Plaintiffs Thomas and Lowe and the Classes at all times while Plaintiffs Thomas and Lowe and the Classes members have worked as exotic dancers for Silk Exotic since January 10, 2019.

26.     Joinder of Defendants is proper pursuant to Fed.R.Civ.P. 20(a)(2) because Plaintiffs' rights to relief are asserted against all Defendants and are arising out of the same series of occurrences and common questions of law and fact.

27.     Plaintiff Vangie Thomas ("Plaintiff Thomas") is an adult resident of Milwaukee, Wisconsin that has worked for Silk Exotic as an exotic dancer at times since January 10, 2019. Plaintiff Thomas's Notice of Consent to join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to and is made a part of this Complaint.

28.     Plaintiff Myanauh Lowe ("Plaintiff Lowe") is an adult resident of Milwaukee, Wisconsin that has worked for Silk Exotic as an exotic dancer at times since January 10, 2019. Plaintiff Thomas's Notice of Consent to join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit B to and is made a part of this Complaint.

29.     Plaintiff Thomas and Plaintiff Lowe will be collectively referred to as "Plaintiffs Thomas and Lowe" in this Complaint.

30.     Plaintiffs Thomas and Lowe bring this action on behalf of themselves and all other similarly situated employees in the FLSA Minimum Wage Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Minimum Wage Class** is defined as follows:

> All persons who worked as an exotic dancer for Silk Exotic
> since January 10, 2019.

31.     Plaintiffs Thomas and Lowe bring this action on behalf of themselves and all other similarly situated employees in the FLSA Overtime Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Overtime Class** is defined as follows:

> All persons who worked as an exotic dancer for Silk Exotic
> and who worked in excess of forty hours in any workweek
> since January 10, 2019.

32.     Plaintiffs Thomas and Lowe bring this action on behalf of themselves and all other similarly situated employees in the Wisconsin Minimum Wage Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Minimum Wage Class** is defined as follows:

> All persons who worked as an exotic dancer for Silk Exotic
> since January 10, 2020.

33.    Plaintiffs Thomas and Lowe bring this action on behalf of themselves and all other similarly situated employees in the Wisconsin Overtime Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Overtime Class** is defined as follows:

> All persons who worked as an exotic dancer for Silk Exotic
> in the State of Wisconsin and who worked in excess of forty
> hours in any workweek since January 10, 2020.

34.    The FLSA Minimum Wage Class and the FLSA Overtime Class will be referred collectively hereinafter as the "Collective Classes."

35.    The Wisconsin Minimum Wage Class and the Wisconsin Overtime Class will be referred to collectively herein as the "Wisconsin Classes."

36.    The Collective Classes and the Wisconsin Classes will be referred to collectively herein as the "Classes."

## GENERAL ALLEGATIONS

37.    Plaintiffs Thomas and Lowe, and the Collective Classes work, or have worked, as exotic dancers for Silk Exotic at times since January 10, 2019.

38.    Plaintiffs Thomas and Lowe and the Wisconsin Classes work, or have worked, as exotic dancers for Silk Exotic in the State of Wisconsin at times since January 10, 2020.

39.    At times since January 10, 2019, Silk Exotic has operated the gentlemen's clubs known as Silk on Water, Silk Downtown, Silk Milwaukee, and Silk Madison that provide exotic dances to their patrons and which Silk Exotic has

uniformly marketed and promoted as having been "[v]oted [the] #1 gentlemen's club in the Midwest for 15 years."

40.　At all times while working as exotic dancers at Silk Exotic since January 10, 2019, Plaintiffs Thomas and Lowe and the members of the Classes' duties have been to provide exotic dances to the patrons of Silk Exotic's gentlemen's clubs.

41.　At all times since January 10, 2019, Silk Exotic has categorized its exotic dancers, including Plaintiffs Thomas and Lowe and the members of the Classes, as independent contractors rather than employees.

42.　Despite using the label of "independent contractor," Silk Exotic has maintained substantive control and direction over the manner in which Plaintiffs Thomas and Lowe and the Classes have performed their work as exotic dancers while performing in Silk Exotic's gentlemen's clubs since January 19, 2019.

43.　At all times since January 10, 219, Silk Exotic has set the rates at which Plaintiff Thomas, Plaintiff Lowe, and the members of the Classes were allowed to charge for lap dances and VIP dances while working as exotic dancers at its gentlemen's clubs.

44.　At all times since January 10, 219, Silk Exotic has required Plaintiff Thomas, Plaintiff Lowe, and the members of the Classes to pay Silk Exotic a portion of their dances proceeds, which is set by Silk Exotic, for each dance performed while working as an exotic dancer at its gentlemen's clubs.

45.     At all times since January 10, 219, Silk Exotic has required Plaintiff Thomas, Plaintiff Lowe, and the members of the Classes to pay Silk Exotic a fee, which is set by Silk Exotic, for each shift in which they have worked as exotic dancers in its gentlemen's clubs.

46.     At all times since January 10, 219, Silk Exotic has required Plaintiff Thomas, Plaintiff Lowe, and the members of the Classes to pay the disc jockey a fee, which is set by Silk Exotic, for each shift in which they have worked as exotic dancers in its gentlemen's clubs.

47.     At all times since January 10, 219, Silk Exotic has controlled the rotation in which Plaintiff Thomas, Plaintiff Lowe, and the members of the Classes are allowed to dance on stage during each shift while they have performed as exotic dancers in its gentlemen's clubs.

48.     At all times since January 10, 219, Silk Exotic has controlled the manner in which Plaintiff Thomas, Plaintiff Lowe, and the members of the Classes have been allowed to perform exotic dances at its gentlemen's clubs, including controlling the timing of when Plaintiff Thomas, Plaintiff Lowe, and the members of the Classes have been allowed in various states of undress.

49.     At all times since January 10, 219, Silk Exotic implemented fines upon Plaintiff Thomas, Plaintiff Lowe, and the members of the Classes for failing to adhere to Silk Exotic's policies and standard for exotic dancers performing in its gentlemen's clubs.

50.     At all times relevant to this matter, Plaintiffs Thomas and Lowe and the members of the Classes perform the very service that Silk Exotic primarily markets its gentlemen's clubs to offer – exotic dancing services for paying customers.

51.     Silk Exotic has not paid any wages to Plaintiff Thomas, Plaintiff Lowe, or any of the members of the Classes for performing as exotic dancers at Silk Exotic's gentlemen's clubs at any time since January 10, 2019.

52.     Instead, Plaintiff Thomas, Plaintiff Lowe, or any of the members of the Classes have only been paid by Silk Exotic's customers on a per dance basis at rates set by Silk exotic in addition to tips.

53.     At all times since January 10, 219, Silk Exotic has failed to pay Plaintiff Thomas, Plaintiff Lowe, and the members of the Classes an hourly wage.

54.     At all times since January 10, 219, Silk Exotic has failed to obtain a tip declaration from Plaintiff Thomas, Plaintiff Lowe, and the members of the Classes for purposes of recording the tips earned by the exotic dancers.

55.     As a result of Silk Exotic' above uniform policies and practices as stated herein, Silk Exotic failed to pay Plaintiff Thomas, Plaintiff Lowe, or any of the members of the Classes at the mandated minimum wages or overtime compensation for all hours worked over forty (40) hours in one workweek since January 10, 2019 in violation of the FLSA and Wisconsin law.

56.     Silk Exotic's conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith, and has caused significant damages to Plaintiff Thomas, Plaintiff Lowe, and the Classes.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

57.     Plaintiffs Thomas and Lowe, and the Collective Classes that they bring this action on behalf of, are and have similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Silk Exotic's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them a minimum wage for each hour worked and overtime compensation for each hour worked over forty (40) hours in one workweek. The claims of Plaintiffs Thomas and Lowe stated herein are the same as those of the Collective Classes they seek to represent.

58.     Plaintiffs Thomas and Lowe, and the Collective Classes seek relief on a collective basis and challenge Silk Exotic's policies and practices which lead to federal wage violations.

59.     As a result of the above alleged uniform pay practices, Silk Exotic has failed to pay Plaintiffs Thomas and Lowe and the FLSA Minimum Wage Class the required minimum wages for all hours worked since January 10, 2019.

60.     As a result of the above alleged uniform pay practices, Silk Exotic has failed to pay Plaintiffs Thomas and Lowe and the FLSA Overtime Class overtime compensation for all hours worked of forty (40) in a workweek since January 10, 2019.

61.     The Collective Classes are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, email addresses, last four digits of social security numbers, and addresses are readily available from Silk Exotic. Notice can be provided to the Collective Classes via first class mail, email, and/or text message to the last known contact information available to Silk Exotic and through posting at Silk Exotic' facility in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

62.     Plaintiffs Thomas and Lowe bring their Wisconsin state law claims, pursuant to Wisconsin wage and hour laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Classes for violations occurring on or after January 10, 2020.

63.     The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Silk Exotic as previously provided herein.

64.      The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Silk Exotic, upon information and belief, there are in excess of 50 members in the Wisconsin Classes.

65.     Plaintiff Thomas's and Plaintiff Lowe's minimum wage and overtime claims are typical of those claims which could be alleged by any member of the

Wisconsin Minimum Wage Class and the Wisconsin Overtime Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Minimum Wage Class and the Wisconsin Overtime Class in separate actions. The alleged claims arise out of the same corporate practices of Silk Exotic and Silk Exotic benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Minimum Wage Class and Wisconsin Overtime Class member. Plaintiffs Thomas and Lowe, and other members of the Wisconsin Classes sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

66.     Plaintiffs Thomas and Lowe are able to fairly and adequately protect the interests of the Wisconsin Classes and have no interests antagonistic to the Wisconsin Classes.

67.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members, such as:

    a)  Whether Silk Exotic's exotic dancers are employees or independent contractors;

    b)  Whether Silk Exotic violated Wisconsin's wage and hour laws by failing to pay Plaintiffs Thomas and Lowe, and the Wisconsin Minimum Wage Class the applicable minimum wage rate for all hours worked;

    c)  Whether Silk Exotic violated Wisconsin's wage and hour laws by failing to pay Plaintiffs Lowe and the Wisconsin Overtime Class the

applicable overtime compensation rate for all hours worked over forty (40) hours in one workweek; and

d) Whether Silk Exotic' actions as described in this Complaint were dilatory and unjust violations of Wisconsin law.

68. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against wealthy corporate Defendants, particularly those with relatively small claims.

69. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of these claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938 as Amended**

70. Plaintiffs Thomas and Lowe, on behalf of themselves and the Collective Classes, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

71. Since January 10, 2019, Plaintiff Thomas, Plaintiff Lowe, and the members of the Collective Classes have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq*.

72. Silk Exotic is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

73.     At times since January 10, 2019, Silk Exotic has been an employer of Plaintiff Thomas, Plaintiff Lowe, and the Collective Classes as provided under the FLSA.

74.     As a result of the above alleged practices, Silk Exotic violated the FLSA by failing to account for and compensate Plaintiff Thomas, Plaintiff Lowe, and the FLSA Minimum Wage Class at the applicable minimum wage rate for all hours worked since January 10, 2019.

75.     As a result of the above alleged practices, Silk Exotic violated the FLSA by failing to account for and compensate Plaintiff Thomas, Plaintiff Lowe, and the FLSA Overtime Class at the applicable overtime compensation rate for each hour worked in excess of forty in any workweek since January 10, 2019.

76.     Plaintiff Thomas, Plaintiff Lowe, and the FLSA Minimum Wage Class are entitled to damages equal to the mandated minimum wage since January 10, 2019, plus periods of equitable tolling because Silk Exotic acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

77.     Plaintiff Thomas, Plaintiff Lowe, and the FLSA Overtime Class are entitled to damages equal to the mandated overtime compensation rate since January 10, 2019, plus periods of equitable tolling because Silk Exotic acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

78.     Silk Exotic has failed to post certain information regarding its employees FLSA rights in its establishments.

79.     Silk Exotic's failure to properly compensate Plaintiff Thomas, Plaintiff Lowe, and the FLSA Minimum Wage Class was willfully perpetrated and Plaintiff Thomas, Plaintiff Lowe, and the FLSA Minimum Wage Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

80.     Silk Exotic's failure to properly compensate Plaintiff Thomas, Plaintiff Lowe, and the FLSA Overtime Class was willfully perpetrated and Plaintiff Thomas, Plaintiff Lowe, and the FLSA Overtime Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

81.     Alternatively, should the Court find that Silk Exotic did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Thomas, Plaintiff Lowe, and the Collective Classes are entitled to an award of pre-judgment interest at the applicable legal rate.

82.     Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs Thomas and Lowe and the Collective Classes' membesr are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum and/or overtime wages.

## SECOND CLAIM FOR RELIEF
## Violations of Wisconsin Law – Unpaid Minimum and Overtime Wages

83. Plaintiff Thomas and Plaintiff Lowe, on behalf of themselves and members of the Wisconsin Classes, re-allege and incorporate all previous paragraphs as if they were set forth herein.

84. At times since January 10, 2020, Plaintiff Thomas, Plaintiff Lowe, and members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 109.01 *et seq*.

85. At times since January 10, 2020, Plaintiff Thomas, Plaintiff Lowe, and the members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

86. At times since January 10, 2020, Plaintiff Thomas, Plaintiff Lowe, and members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 104.001 *et seq*.

87. At times since January 10, 2020, Plaintiff Thomas, Plaintiff Lowe, and members of the Wisconsin Classes were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

88. At times since January 10, 2020, Plaintiff Thomas, Plaintiff Lowe, and members of the Wisconsin Classes were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

89. Since January 10, 2020, Silk Exotic was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

90. Since January 10, 2020, Silk Exotic was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

91. Since January 10, 2020, Silk Exotic was an employer within the meaning of Wis. Stat. §§ 104.001 *et seq.*

92. Since January 10, 2020, Silk Exotic was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

93. Since January 10, 2020, Silk Exotic was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

94. At all times while allowing Plaintiff Thomas, Plaintiff Lowe, and the members of the Wisconsin Classes to perform as exotic dancers at their gentlemen's clubs since January 10, 2020, Silk Exotic has employed Plaintiff Thomas, Plaintiff Lowe, and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 109.01 *et seq.*

95. At all times while allowing Plaintiff Thomas, Plaintiff Lowe, and the members of the Wisconsin Classes to perform as exotic dancers at their gentlemen's clubs since January 10, 2020, Silk Exotic has employed Plaintiff Thomas, Plaintiff Lowe, and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 103.001 *et seq.*

96. At all times while allowing Plaintiff Thomas, Plaintiff Lowe, and the members of the Wisconsin Classes to perform as exotic dancers at their gentlemen's clubs since January 10, 2020, Silk Exotic has employed Plaintiff Thomas, Plaintiff Lowe, and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 104.001 *et seq.*

97.     At all times while allowing Plaintiff Thomas, Plaintiff Lowe, and the members of the Wisconsin Classes to perform as exotic dancers at their gentlemen's clubs since January 10, 2020, Silk Exotic has employed Plaintiff Thomas, Plaintiff Lowe, and the members of the Wisconsin Classes as within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

98.     At all times while allowing Plaintiff Thomas, Plaintiff Lowe, and the members of the Wisconsin Classes to perform as exotic dancers at their gentlemen's clubs since January 10, 2020, Silk Exotic has employed Plaintiff Thomas, Plaintiff Lowe, and the members of the Wisconsin Classes as within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

99.     At a minimum, Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

100.    The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of minimum and overtime wages.

101.    As set forth above, Plaintiff Thomas, Plaintiff Lowe, and the members of the Wisconsin Classes have not received legally required compensation as a direct result of Silk Exotic' violations. Accordingly, Plaintiffs Thomas and Lowe, on behalf of themselves and the Wisconsin Classes, seek damages in the amount of their respective unpaid minimum wages and overtime compensation, injunctive relief requiring Silk Exotic to cease and desist from its violations of the Wisconsin laws

described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

102.    Under Wis. Stat. § 109.11, Plaintiff Thomas, Plaintiff Lowe, and the Wisconsin Classes are entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

103.    Plaintiffs Thomas and Lowe, on behalf of themselves and the Wisconsin Classes, seek recovery of attorneys' fees and the costs of this action to be paid by Silk Exotic, pursuant to the Wisconsin law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs Thomas and Lowe, on their own behalf and on the behalf of all members of the Collective Classes and the Wisconsin Classes request the following relief:

a)  An order designating this action as a collective action on behalf of the Collective Classes and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

b)  An order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Classes;

c)  An order designating the Plaintiffs Thomas and Lowe as the Named Plaintiffs and as representative of the Collective Classes and Wisconsin Classes set forth herein;

d)  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

e)  Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Silk Exotic's actions as described in the Complaint as unlawful and in violation of applicable Wisconsin statutes and regulations;

f)  An order finding that Silk Exotic violated the FLSA and Wisconsin's wage and hour laws;

g)  An order finding that these violations were willful and dilatory and unjust;

h)  Judgment against Silk Exotic in the amount equal to Plaintiff Thomas's, Plaintiff Lowe's, the Collective Classes', and the Wisconsin Classes' unpaid wages at the applicable minimum wage and overtime rates;

i)  An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin law and the FLSA;

j)  An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

k)  Such further relief as the Court deems just and equitable.


Dated this 10th day of January 2022.


Respectfully submitted,


**_s/ Summer H. Murshid_**
Larry A. Johnson
Bar Number 1056619
Summer H. Murshid
Bar Number 1075404
Timothy P. Maynard
Bar Number 1080953
Nathan T. Caputa
Bar Number 1115499
Gregory P. Stratz
Bar Number 1107925


**Hawks Quindel, S.C.**
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-207-6079
E-mail: ljohnson@hq-law.com

smurshid@hq-law.com
tmaynard@hq-law.com
ncaputa@hq-law.com
gstratz@hq-law.com

*Attorneys for Plaintiffs*